IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 8:12-cv-02674-EAK-TBM |
| Plaintiff, | |
| vs. | |
| ALL STAR SPORTS CAFÉ, INC., | |
| and | |
| JAMES M. KLEE, Individually, and as an officer, director, shareholder, and/or principal of ALL STAR SPORTS CAFÉ, INC., | |
| Defendants. | |

## ORDER

Upon consideration of Plaintiff's Motion for Final Default Judgment ("Motion"), the accompanying Memorandum of Points and Authorities in Support thereof and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendant, All Star Sports

1

Café, Inc. d/b/a Town and Country Ale House, (hereinafter "Defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Original Complaint are deemed admitted against Defendant; that Defendant exhibited the closed circuit, "UFC 106: Ortiz v. Griffin" Broadcast, including all undercard bouts and the entire television broadcast, scheduled for November 21, 2009, (hereinafter "Broadcast") without authorization from Plaintiff; and that Defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That Judgment by default be entered in favor of Plaintiff and against Defendant, All Star Sports Cafe, Inc. d/b/a Town and Country Ale House.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $10,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $50,000.00.

4. That Plaintiff recover attorneys' fees from Defendant in the amount of $1,500.00 and costs in the amount of $492.64 relating to the prosecution of this matter.

5. That Plaintiff recover, in the event Defendant fails to voluntarily pay the judgment, is entitled to reasonable attorneys' fees for post-trial and appellate services.

6. The Court also enjoins Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7. The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of all from the date of this Judgment until paid.

8. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

9. This judgment is a final judgment.

SO ORDERED. This 5th day of November, 2013.

Hon. Elizabeth A. Kovachevich

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE